**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BMO HARRIS BANK N.A., a national banking association, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   1:21-cv-4555 |
| v. | ) ) | |
| C&H EXPEDITED LLP, LEE CASTRO, and JOSHUA HUFFMAN, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, BMO Harris Bank N.A., by and through its attorneys, brings this action against Defendants, C&H Expedited LLP, Lee Castro, and Joshua Huffman, and alleges as follows:

## THE PARTIES

1.      Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois.

2.      Defendant, C&H Expedited LLP ("Borrower"), is a limited liability partnership organized under the laws of the State of Ohio with its principal place of business located at 9663 Darby Creek Road, Orient, Pickaway County, Ohio.  On information and belief, the partners of Borrower are Lee Castro and Joshua Huffman, both of whom are residents and citizens of the State of Ohio.  For jurisdictional purposes, Borrower is a citizen of the State of Ohio.

3.      Defendant, Lee Castro ("Castro") is a citizen of the State of Ohio residing at 691 Liberty Road, Delaware, Delaware County, Ohio.

1

4.　　　　Defendant, Joshua Huffman ("Huffman," together with Castro, "Guarantors," and all together with Borrower, the "Defendants"), is a citizen of the State of Ohio residing at 9663 Darby Creek Road, Orient, Pickaway County, Ohio.

## JURISDICTION AND VENUE

5.　　　　The parties are of diverse citizenship.

6.　　　　The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7.　　　　Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

8.　　　　In the loan agreements that form the subject matter of this Complaint, the parties agreed that any legal action or proceeding with respect to or relating to such agreements shall be brought exclusively in the federal or state courts located in Cook County, Illinois.

9.　　　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

### The Agreements

10.　　　On or about October 13, 2020, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof.  A true and correct copy of the First Agreement is attached hereto as "**Exhibit A**."

11.　　　On or about January 8, 2021, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount

2

set forth therein pursuant to the terms thereof.  A true and correct copy of the Second Agreement

is attached hereto as "**Exhibit B**."

12.     From time to time herein, the First Agreement and Second Agreement are

described collectively as the "Agreements."

13.     Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security

interest in the equipment described therein, including all attachments, accessions, accessories,

replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral").

In summary, the Collateral consists of the following:

| Agmt. | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2020 | Freightliner | M2112 Expediter | Tractor | 3ALAC4DV4LDKY5861 |
| Second | 2020 | Freightliner | Cascadia Reefer Expediter | Tractor | 1FVHHTDV7LLKY6021 |

14.     To induce Plaintiff to enter into the Agreements, Castro, as guarantor,

unconditionally guaranteed the present and future performance of Borrower under the

Agreements (the "Castro Guaranties").

15.     To induce Plaintiff to enter into the Agreements, Huffman, as guarantor,

unconditionally guaranteed the present and future performance of Borrower under the

Agreements (the "Huffman Guaranties," and together with the Castro Guaranties, the

"Guaranties").

16.     True and correct copies of the Continuing Guaranties executed by Guarantors

dated October 13, 2020, and January 8, 2021, are attached hereto as "**Exhibit C**."

**Defaults by Defendants**

17.     Under the terms and conditions of the Agreements, failure to make a payment

when due is considered an event of default.

18.     Borrower is in default under the Agreements.

3

19.　　Specifically, Borrower failed to make payments as they became due under the Agreements.

20.　　More Specifically, Borrower failed to make the May 1, 2021, payments due under the Agreements. Borrower's defaults under the Agreements are continuing.

21.　　Castro is in default under the Castro Guaranties.

22.　　Castro failed to make payments pursuant to the Castro Guaranties when they became due under the Agreements. Castro's defaults under the Castro Guaranties are continuing.

23.　　Huffman is in default under the Huffman Guaranties.

24.　　Huffman failed to make payments pursuant to the Huffman Guaranties when they became due under the Agreements. Huffman's defaults under the Huffman Guaranties are continuing.

25.　　Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated. The principal amount due and owing after acceleration totals not less than $496,467.44.

26.　　Under the Agreements, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1.5%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360-day year consisting of twelve 30-day months.

27.　　In addition, under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

28.　　In addition, upon default under the Agreements, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

29. In addition, under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

30. Under their respective Guaranties, Guarantors are each obligated to pay Plaintiff all amounts due to Plaintiff by Borrower under the Agreements, without limitation.

31. Calculated as of August 5, 2021, the amount due and owing under the Agreements, not including attorneys' fees and expenses or costs of collection, is an amount not less than $516,641.36.

32. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

33. Plaintiff notified Defendants of their defaults under the Agreements and the Guaranties and made demand that Borrower surrender possession of the Collateral to Plaintiff and that Defendants pay the amounts due under the respective Agreements and the Guaranties.

34. Prior to the filing of this lawsuit, Plaintiff recovered the Collateral. Plaintiff is in the process of determining the best means of mitigating its damages through the sale or other disposition of the Collateral, and upon such disposition will apply the net proceeds thereof (if any) to the amounts due and owing under the respective Agreements.

35. By letters dated August 5, 2021, Plaintiff notified Defendants of its election to accelerate the amount due and owing under the Agreements and made demand upon them to pay the amounts due thereunder. True and correct copies of the letters dated August 5, 2021 are attached hereto as "**Exhibit D**."

36. Despite demand, Defendants have failed and refused to pay the amount due and owing under the Agreements and the Guaranties.

37.     The Agreements expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

38.     Plaintiff has performed any and all conditions and obligations required of it under the Agreements and the Guaranties.

<b>COUNT I - Breach of Contract (Borrower)</b>

39.     Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

40.     Plaintiff has performed all terms and conditions of the Agreements to be performed by Plaintiff.

41.     Borrower has not performed under the Agreements on Borrower's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

42.     Under the Agreements, Plaintiff is entitled to contractual money damages from Borrower as provided therein.

43.     The Agreements provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower, jointly and severally with the other Defendants, in the amount due under the Agreements, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

<b>COUNT II - Breach of Contract (Castro)</b>

44.     Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

45.     Plaintiff has performed all terms and conditions of the Castro Guaranties to be performed by Plaintiff.

46.     Castro has not performed under the Castro Guaranties by, among other reasons, failing to make payments under the Agreements when those payments became due.

47.     Under the Agreements and the Castro Guaranties, Plaintiff is entitled to contractual money damages from Castro as provided therein.

48.     The Agreements and the Castro Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Castro, jointly and severally with the other Defendants, in the amount due under the Agreements and the Castro Guaranties, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

## COUNT III - Breach of Contract (Huffman)

49.     Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

50.     Plaintiff has performed all terms and conditions of the Huffman Guaranties to be performed by Plaintiff.

51.     Huffman has not performed under the Huffman Guaranties by, among other reasons, failing to make payments under the Agreements when those payments became due.

52.     Under the Agreements and the Huffman Guaranties, Plaintiff is entitled to contractual money damages from Huffman as provided therein.

53.     The Agreements and the Huffman Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Huffman, jointly and severally with the other Defendants, in the amount due under the Agreements and the Huffman Guaranties, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

DATED:  August 25, 2021                        Respectfully submitted,

BMO HARRIS BANK N.A.

By:  /s/ Aaron B. Chapin
      One of Its Attorneys

Aaron B. Chapin (ARDC 6292540)
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
Phone: 312.655.1500
Fax 312.655.1501
aaron.chapin@huschblackwell.com